Christopher J. Yost
Federal Express Corporation
2601 Main Street, Suite 340
Irvine, California 92614
Telephone: (949) 862-4558
Facsimile:  (949) 862-4605
e-mail:  cjyost@fedex.com

Barak J. Babcock (Admitted *Pro Hac Vice*)
Ben J. Scott (Admitted *Pro Hac Vice*)
Federal Express Corporation
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, Tennessee  38125-8800
Telephone:  (901) 434-8562
Facsimile: (901) 434-4523
e-mail: bjbabcock@fedex.com
e-mail: ben.scott@fedex.com

ATTORNEYS FOR DEFENDANT FEDERAL
EXPRESS CORPORATION

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LaMecia McKenzie,<br>*Individually, and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS, a Tennessee Corporation, AND  DOES 1 through 100, inclusive,<br>Defendants. | Case No.  CV 10-02420 GAF (PLA)<br><br>Assigned to the Honorable<br>Gary A. Feess, Courtroom 740<br><br>**[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing Date:    April 4, 2011**<br>**Time:                  9:30 a.m.**<br>**Courtroom:         740** |

After consideration of the papers in support of and in opposition to Defendant's Motion for Summary Judgment and the oral argument of counsel, the Court determines that the following facts have been established as:

## UNCONTROVERTEDFACTS

1. Plaintiff was employed by Defendant as an hourly employee in California from April of 1993 through July of 2009. Amended Complaint, ¶ 2.

2. At the time she worked at FedEx, Plaintiff had an understanding of when she was entitled to overtime pay, explaining "I know what overtime means…if I'm a full-time employee, 40 hours a week or eight hours in a day. If I'm a part time employee 30 hours depending on what the rules are with the company, but per day, if you work between – over four to six hours." Deposition of LaMecia McKenzie ("McKenzie Dep.") (Exhibit 3 to Declaration of Betty Saylors ("Saylors Dec.")) at 17:19-18:7.

3. Plaintiff understood that overtime work was paid at a rate of "time and a half." McKenzie Dep. at 18:8-21.

4. FedEx's employee handbook and policy manual state that hourly employees are paid "weekly" and "on their Friday shift of each week." The policy manual specifies that the Corporate pay week is "Sunday through Saturday." 30(b)(6) Deposition of Dionne Dandridge ("Dandridge Dep.") (Exhibit 4 to Saylors Dec.) at 17:20-24:12 and Exhibits 3-5 thereto.

5. Plaintiff's work schedule was set according to this Sunday through Saturday Corporate pay week, and her schedule was posted, alongside the next week's Sunday through Saturday schedule, in the FedEx station where she worked. Dandridge Dep. at 26:11-16; McKenzie Dep. at 51:22-52:18.

6. Plaintiff received FedEx employee handbooks and signed receipt forms for them. Plaintiff also had access to the policy manual throughout her

1

1  employment at FedEx, either in the courier check-in area or in the managers'
2  offices. McKenzie Dep. at 39:22- 42:6; 46:6-25; Exhibits 2-4 (handbook receipt
3  forms).

4      7.    Plaintiff's wage statement for the week ending August 2, 2008 is a
5  representative example of the weekly wage statements Plaintiff received from
6  FedEx during her employment. The wage statements shows the "period ending
7  date" in the upper right hand corner and show the overtime calculation in two lines
8  labeled "Overtime" and "OvrTimePrm."  McKenzie Dep. At Ex. 17 (McKenzie's
9  wage statement for week ending August 2, 2008).

10      8.    During her entire employment with FedEx, Plaintiff was paid "every
11  Friday" and reviewed her wage statements every week when she received them.
12  McKenzie Dep. at 26:2-7; 21:19-21

13      9.    Plaintiff understood that her wage statements were for "the previous
14  week" and on one occasion, to the best of her memory about a year before her
15  termination, she determined by looking at her wage statement that FedEx "didn't
16  pay [her] for the full overtime" for the previous week's work because she had
17  worked four hours on Tuesday (usually an off day for her), but a substitute
18  manager failed to enter her time for Tuesday correctly.  Plaintiff discovered this
19  error by reviewing her wage statement, and she took it to her manager and
20  "showed it to him."  He confirmed the error, and Plaintiff received those wages in
21  her paycheck the next Friday.  The next Friday, Plaintiff received and reviewed her
22  wage statement, as always, and confirmed that she received the missing overtime
23  payment inadvertently left off the previous week's check. McKenzie Dep. at 24:2-
24  26:24; 28:6-23.

2

10. On July 30, 2009, Plaintiff was terminated for excessive performance deficiencies, the last of which was her failure to report an accident in a FedEx vehicle. McKenzie Dep. at 69:20-24, Exhibit 9 thereto.

11. Plaintiff contested her termination through FedEx's internal grievance procedure – the Guaranteed Fair Treatment ("GFT") Process.  Her GFT claim was reviewed by Managing Director Kenny Smith at the first step, Vice President Glen Corbin at the second step, and the FedEx Appeals Board at the third step.  Her termination was upheld at every level. McKenzie Depo, 70:13-74:24; Exhibits 10-14.

12. Though Plaintiff submitted multiple written statements as part of the GFT process, none of them mentioned anything about wage statements or paychecks. McKenzie Depo, 75:19-21; Exhibits 10 and 13.

13. As of December 16, 2009, FedEx wage statements for hourly employees in California show the beginning and ending date of the weekly pay period.  Making this change required the modification of computer programs and testing of the changes. Deposition of Mark Scott ("Scott Dep.") (Exhibit 5 to Saylors Dec.) at 8:23-9:7; 45:22-46:17.

14. Plaintiff filed her Complaint on February 19, 2010 alleging that FedEx wage statements failed to list the pay period beginning date.  The Complaint made no mention of alleged violations of 226(a)(2) regarding total hours worked or 226(a)(9) regarding applicable wage rates.  *See* Complaint.

15. On November 2, 2010, Plaintiff filed the First Amended Complaint making two new allegations of deficiency in FedEx's wage statements: (1) that the wage statements did not show "total hours worked" under 226(a)(2); and (2) that the wage statements did not show "all applicable hourly rates" under 226(a)(9). *See* Amended Complaint.

3

16. As of March 11, 2011, FedEx's weekly wage statements will include two additional lines showing the total hours worked and total overtime hours worked for the pay period. *See* Declaration of Elijah Smith at Exhibit 1.

17. Plaintiff, by looking at her wage statement for the period ending March 21, 2009, knew her regular rate of pay of $21.20 and saw that rate on the wage statement. She also testified that she knew by looking at the wage statement that her overtime rate "should be $31.80." McKenzie Depo, 103:1-104:3; Exhibit 16.

18. After fifty transcript lines of discussion between Plaintiff and FedEx counsel, Plaintiff testified that she then understood the overtime calculation reflected on the wage statement. McKenzie Depo, 106:4; 106:21-107:11.

19. Officials at the California Department of Labor Standards Enforcement would not assess penalties for a wage statement failing to identify the beginning date of a weekly pay period, as that would be categorized at most as a minor, technical violation. Declaration of Gregory Rupp ("Rupp Dec.") at ¶ 10.

Based on the foregoing Uncontroverted Facts, the Court now makes its conclusions of law.

## **CONCLUSIONS OF LAW**

1. FedEx is entitled to summary judgment on all claims because the wage statements at issue make evident or apparent the categories of information listed in Cal. Lab. Code § 226(a) and provide employees with the necessary information to confirm and challenge their pay. *Morgan v. United Retail Inc.* 186 Cal. App. 4th 1136, 1149 (2010).

2. FedEx is also entitled to summary judgment on all claims because FedEx has not committed a knowing and intentional violation of 226(a), nor has Plaintiff suffered any injury. FedEx paid Plaintiff all wages due, and the FedEx

4

wage statements at issue provided the necessary information for Plaintiff to confirm and challenge her pay. Plaintiff's allegation that having to perform simple addition of accurate figures provided on the wage statement or having to use her understanding as to the duration of a week does not amount to an injury. *Price v. Starbucks Corp.*, 2011 Cal. App. LEXIS 186 (Cal. App. 2nd, 2011) at *11; *Villacres*, 2010 U.S. App. LEXIS 12442, *2 (9th Cir., 2010); *Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d at 1181; *aff'd by Elliott v. Spherion Pacific Work, LLC,* 2010 U.S. App. LEXIS 4128 (9th Cir. 2010) (finding no violation of 226(a)).

3. Plaintiff's PAGA claims (the first and second causes of action) and claims under California's Unfair Competition Law ("UCL") (the fourth cause of action) wholly derive from the 226(e) claims (the third cause of action) and thus fail when the 226(e) claim fails. *See, e.g., Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169, 1181 (C.D. Cal. 2008); *aff'd by Elliott v. Spherion Pacific Work, LLC,* 2010 U.S. App. LEXIS 4128 (9th Cir. 2010); *Price v. Starbucks Corp.*, 2011 Cal. App. LEXIS 186, at *20 (Cal. App. 2nd, 2011).

DATED: _____

_____
District Judge Gary A. Feess

Prepared by:
Christopher J. Yost
Barak J. Babcock (Admitted *Pro Hac Vice*)
Ben J. Scott (Admitted *Pro Hac Vice*)
Federal Express Corporation

5

DEFENDANT'S STATEMENT OF UNCONTROVERTED
FACTS AND CONCLUSIONS OF LAW
CASE NO. CV 10-02420 GAF (PLAx)