Christopher J. Yost
Federal Express Corporation
2601 Main Street, Suite 340
Irvine, California 92614
Telephone: (949) 862-4558
Facsimile:  (949) 862-4605
e-mail:  cjyost@fedex.com

Barak J. Babcock (Admitted *Pro Hac Vice*)
Ben J. Scott (Admitted *Pro Hac Vice*)
Federal Express Corporation
3620 Hacks Cross Road
Building B, 3rd Floor
Memphis, Tennessee  38125-8800
Telephone:  (901) 434-8562
Facsimile: (901) 434-4523
e-mail: bjbabcock@fedex.com
e-mail: ben.scott@fedex.com

ATTORNEYS FOR DEFENDANT FEDERAL
EXPRESS CORPORATION

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LaMecia McKenzie, *Individually, and on behalf of others similarly situated,* <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL EXPRESS, a Tennessee Corporation, AND  DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.  CV 10-02420 GAF (PLA) <br><br> Assigned to the Honorable <br> Gary A. Feess, Courtroom 740 <br><br> **DEFENDANT FEDERAL EXPRESS CORPORATION'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> **Hearing Date:**    **April 4, 2011** <br> **Time:**           **9:30 a.m.** <br> **Courtroom:**      **740** |

Defendant hereby submits its Statement of Genuine Issues in Opposition to

1

Plaintiff's Motion for Partial Summary Judgment.  Facts 1 through 18 below correspond to the facts and supporting evidence presented in Plaintiff's Separate Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment.  *See* Dkt. No. 28-2.  Those facts are followed by additional material facts and supporting evidence showing genuine issues.

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACTS AND CITED SUPPORT THEREOF | | DEFENDANT'S RESPONSE |
|---|---|---|
| 1.     Plaintiff was employed by Defendant as an hourly employee in California from April of 1993 through July of 2009.<br>Declaration of LaMecia McKenzie at ¶ 2. | | 1.     Admitted as stated for purposes of this Motion only. |
| 2.     On November 3rd and 4th of 2009, Plaintiff satisfied the prefiling procedural requirements of the California Labor Code Private Attorney General Act ("PAGA") by giving written notice by certified mail to Defendant and the California Labor and Workforce Development Agency ("LWDA")  of the specific provisions of the Labor Code alleged to have been violated by Defendant, to wit, that Defendant failed to list the pay | | 2.     Admitted as stated for purposes of this Motion only that Plaintiff sent the November 3 and 4, 2009 letters, which speak for themselves. |

2

| | PLAINTIFF'S ALLEGED UNCONTROVERTED FACTS AND CITED SUPPORT THEREOF | | DEFENDANT'S RESPONSE |
|---|---|---|---|
| | period beginning date on the wage statements it provided to its hourly employees in California. Declaration of Kirk D. Hanson at ¶ 2 and Ex. "1" thereto. | | |
| | 3.    In response to Plaintiff's November 3rd and 4th 2009, PAGA letters to Defendant and the LWDA, as of December 16, 2009, Defendant included the pay period beginning date on the wage statements it provides to its hourly employees in California. Declaration of Kirk D. Hanson at ¶ 3 and Ex. "2" thereto. | | 3.    Defendant admits that its wage statements include the pay period beginning date as of December 16, 2009.  Defendant denies the characterization that it was "in response" to Plaintiff's letter, as FedEx's letter to the LWDA speaks for itself. |
| | 4.    On December 21, 2009, the LWDA notified Plaintiff that it did not intend to investigate Plaintiff PAGA claims. Declaration of Kirk D. Hanson at ¶ 4 and Ex. "3" thereto. | | 4.    Defendant admits this fact for purposes of this Motion only but affirmatively states that the December 21, 2009 letter from LWDA speaks for itself. |
| | 5.    At all times within the relevant | | 5.    Admitted for purposes of this |

3

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACTS AND CITED SUPPORT THEREOF | | DEFENDANT'S RESPONSE |
|---|---|---|
| statutory period, Defendant employed over 10,000 hourly employees in the State of California.<br><br>Declaration of Betty J. Saylors In Support of Defendant's Notice of Removal at ¶ 5; Defendant's Notice of Removal of Action under 28 U.S.C. §§ 1332(a), 1332(d) and 1441 (a) at p. 7, ¶ 20; Defendant's First Supplemental Answers to Plaintiff's Special Interrogatories Nos. 3 and 4 (Ex. "4" to Declaration of Kirk D. Hanson.) | | Motion only, but Defendant affirmatively states that the Declaration of Betty J. Saylors and First Supplemental Answers to Plaintiff's Special Interrogatories speak for themselves. |
| 6.      Defendant's hourly employees in California are paid on a weekly basis.<br><br>Declaration of LaMecia McKenzie at ¶ 2; Defendant's Notice of Removal of Action under 28 U.S.C. §§ 1332(a), 1332(d) and 1441 (a) at p. 7, ¶ 20. | | 6.      Admitted as stated for purposes of this Motion only. |
| 7.      Defendant did not list the pay period beginning date on the wage | | 7.      Admitted as stated for purposes of this Motion only. |

4

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACTS AND CITED SUPPORT THEREOF | | DEFENDANT'S RESPONSE |
|---|---|---|
| statements it provided to its hourly employees in California until December of 2009. Deposition of Dionne Dandridge (Ex. "5" to Declaration of Kirk D. Hanson) at 6:2-9; 17:1-19; 24:18-21; 28:1-7; 29:6-11; and Ex "6" to Dandridge Deposition; Deposition of Mark A. Scott (Ex. "6" to Declaration of Kirk D. Hanson) at 14:11-16:18; 8:23 - 9:23; and Ex. Nos. "12," "13," and "14" to Scott Deposition; Declaration of LaMecia McKenzie at ¶ 4 and Ex. "1" thereto. | | |
| 8.     Before December 2009, an hourly employee of Defendant in California would have to look at their work schedule and/or a calendar, and do some math, in order to determine the exact pay period beginning date for a particular pay period. Deposition of Dionne Dandridge (Ex. "5" to Declaration of Kirk D. Hanson) | | 8.     Defendant disputes this characterization. Plaintiff testified that when she examined her wage statements on a weekly basis, she understood that the information correlated to her work "the previous week."  Deposition of LaMecia McKenzie ("McKenzie Depo"), attached as Exhibit 3 to Declaration of |

5

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACTS AND CITED SUPPORT THEREOF | | DEFENDANT'S RESPONSE |
|---|---|---|
| at 30:10 – 32:17; 37:18 – 42:19. | | Betty J. Saylors ("Saylors Dec.") (Dkt. No. 33), at 24:4-5.  Plaintiff mischaracterizes Ms. Dandridge's testimony, as she stated that in her experience employees know and remember their weekly schedule. Deposition of Dionne Dandridge ("Dandridge Depo."), attached as Exhibit 4 to Saylors Dec., at 26:11-22. Plaintiff or any other employee could also apply their knowledge of the duration of a week to determine the exact pay period beginning date. |
| 9.      When overtime is worked by an hourly employee of Defendant in California, the overtime hourly rate on the wage statement is not listed as a single hourly rate, but instead is broken down by Defendant into two separate components: (1) the employee's regular hourly rate which is labeled as "Overtime;" and (2) ½ of the employee's regular hourly rate which is labeled as "OvrTimePrm." | | 9.      Admitted as stated for purposes of this Motion only with regard to wage statements issued prior to March 11, 2011, but Defendant affirmatively states that Defendant's wage statements speak for themselves. |

6

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACTS AND CITED SUPPORT THEREOF | | DEFENDANT'S RESPONSE |
|---|---|---|
| Deposition of Mark A. Scott (Ex. "6" to Declaration of Kirk D. Hanson) at 25:14 – 30:1; 39:23 – 40:9. | | |
| 10.     In order for an hourly employee of Defendant in California to determine his or her applicable overtime rate, the employee must add the hourly rate listed on his or her wage statement as "Overtime" to the hourly rate listed on the wage statement as "OvrTimePrm." Deposition of Mark A. Scott (Ex. "6" to Declaration of Kirk D. Hanson) at 25:14-30:1; 39:23-40:9. | | 10.     Defendant's wage statements speak for themselves, but Defendant admits for purposes of this Motion only the fact as stated is one way in which an hourly employee of Defendant in California could determine his or her applicable overtime rate.  Some employees may simply know or remember their overtime rate.  Others, like Plaintiff, know their regular rate by memory and have the knowledge and ability to mentally perform at the "time and a half" calculation.  McKenzie Depo., 103:1-104:3.   Plaintiff has no basis to state that there is only one way that an individual could "determine" their overtime rate. |
| 11.     When an hourly employee of Defendant in California works | | 11.     Defendant disputes this fact. FedEx's wage statements speak for |

7

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACTS AND CITED SUPPORT THEREOF | | DEFENDANT'S RESPONSE |
| --- | --- | --- |
| overtime, the number of overtime hours listed on the employee's wage statement are listed at twice the number of overtime hours actually worked by the employee during the pay period.<br>Deposition of Mark A. Scott (Ex. "6" to Declaration of Kirk D. Hanson) at 30:1 - 34:25; 37-13 - 38:1; 38:15 - 39:22; Declaration of LaMecia McKenzie at ¶ 5, and Ex. "1" thereto. | | themselves and demonstrate that the overtime calculation is displayed on two easy-to-read lines.  It is a mischaracterization of the wage statements and the cited testimony to state that "the number of overtime hours…are listed at twice the number of overtime hours actually worked…" *See* Plaintiff's ¶. 11. |
| 12.    If an hourly employee of Defendant in California adds up all the hours listed on his or her wage statement (e.g. the hours listed in the line items labeled "Reg Earn," "Overtime," and "OvrTimePrm") for any pay period in which overtime is worked, the total does not amount to the actual hours worked by the employee in that pay period.<br>Deposition of Mark A. Scott (Ex. "6" to Declaration of Kirk D. Hanson) at 37:13 - 39:22. | | 12.  Defendant disputes this characterization.  Defendant affirmatively states that its wage statements speak for themselves.  As Mark Scott testified when asked how an employee would determine total hours worked: "Add the regular earnings hours and the overtime hours together." *See* Plaintiff's cite at left, Deposition of Mark Scott at 37:13-19; 39:5-12. |

8

| | PLAINTIFF'S ALLEGED UNCONTROVERTED FACTS AND CITED SUPPORT THEREOF | | DEFENDANT'S RESPONSE |
|---|---|---|---|
| 1<br>2 | | | |
| 3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21 | 13.    Defendant controls the format of the wage statements it provides to its hourly employees in California and can manipulate its payroll software to achieve any desired format with respect to the wage statements. Deposition of Mark A. Scott (Ex. "6" to Declaration of Kirk D. Hanson) at 8:14 - 22; 22:8 - 23:6. | | 13.  Defendant admits for purposes of this Motion only that it controls the format of its wage statement, consistent with Mr. Scott's testimony. Defendant disputes that it can manipulate its payroll software to achieve "any desired format."  The cited testimony of Mr. Scott was in reference to Plaintiff's counsel non-specific question that "FedEx can pretty much manipulate the software to achieve any desired format" for the wage statements.  Deposition of Mark Scott, 22:8-10.  Mr. Scott also testified that formatting issues involve various levels of complexity.  *See* Deposition of Mark Scott ("Scott Depo."), Exhibit 5 to Saylors Dec, at 45:22-46:17. |
| 22<br>23<br>24<br>25<br>26<br>27 | 14.    The format of the wage statements Defendant provides to its hourly employees in California is not a mistake; the wage statements are in the format intended by Defendant. Deposition of Mark A. Scott (Ex. "6" | | 14.    Admitted as stated for purposes of this Motion only. |

| PLAINTIFF'S ALLEGED UNCONTROVERTED FACTS AND CITED SUPPORT THEREOF | | DEFENDANT'S RESPONSE |
|---|---|---|
| to Declaration of Kirk D. Hanson) at 30:2-14. | | |
| 15.   No other changes have been made by Defendant to the wage statements it provides to its hourly employees in California since the pay period beginning date was added in December of 2009.<br>Deposition of Mark A. Scott (Ex. "6" to Declaration of Kirk D. Hanson) at 9:15-25. | | 15.  Defendant disputes this fact.  As of March 11, 2011, FedEx wage statements include a line for "total hours" and a line for "total overtime hours."  *See* Declaration of Elijah Smith ("Smith Dec") (Dkt. No. 34), at 2-3. |
| 16.   Defendant is not currently planning on making any further changes to the wage statements it provides to its hourly employees in California.<br>Deposition of Mark A. Scott (Ex. "6" to Declaration of Kirk D. Hanson) at 21:4-24. | | 16.  Disputed. *See* Defendant's response to paragraph 15 *supra*. |
| 17.   The format of a wage statement that meets the requirements of California Labor Code §226(a) can be easily obtained by reviewing the following link on the California | | 17.  Defendant admits for purposes of this Motion only that the internet address provided does lead to an example wage statement provided by the California Division of Labor |

10

| | PLAINTIFF'S ALLEGED UNCONTROVERTED FACTS AND CITED SUPPORT THEREOF | DEFENDANT'S RESPONSE |
|---|---|---|
| | Division of Labor Standards Enforcement's website: "http://www.dir.ca.gov/dlse/FAQ_Paydays.htm." Declaration of Kirk D. Hanson at ¶ 8 and Ex. "7" thereto; Morgan v. United Retail Inc., 186 Cal. App. 4th 1136, 1147 (2010). | Standards Enforcement, which speaks for itself.  Defendant disputes Plaintiff's legal characterization that the "format of a wage statement that meets the requirements of California Labor Code § 226(a)" to the extent Plaintiff points to the DLSE sample wage statement as the definitive standard for legal compliance or the only possible format complying with 226(a).  Any such characterization is unsupported. |
| | 18.    Plaintiff's wage statements dated 3/06/2009, 3/20/2009, and 5/29/2009, are representative samples of the type of wage statement Defendant provided to its hourly employees in California in 2009 before the pay period beginning date was added to the wage statements. Deposition of Mark A. Scott (Ex. "6" to Declaration of Kirk D. Hanson) at 23:7-20; 30:15-20; 38:15-39: 4 and Exs. "12," "13," and "14" thereto; Declaration of LaMecia McKenzie at ¶ 3, and Ex. "1" thereto | 18.  Admitted for purposes of this Motion only. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11

| DEFENDANT'S ADDITIONAL FACTS SUFFICIENT TO DEFEAT SUMMARY JUDGMENT | DEFENDANT'S EVIDENCE |
|---|---|
| 19. Plaintiff was terminated from FedEx for multiple performance problems, the last of which was her failure to report an accident in a FedEx vehicle. | 19. McKenzie Depo, 70:13-15; exhibits 5, 6, 7, and 9. |
| 20. Upon her termination, Plaintiff did not immediately seek information about wage and hour violations. Instead, Plaintiff found Plaintiff's counsel by performing internet searches for "wrongful termination lawyers." | 20. McKenzie Depo, 77:10-17. |
| 21. Plaintiff worked for FedEx for seventeen years. Every Friday, she received her pay and a detailed wage statement, and every week she reviewed her wage statement. | 21. McKenzie Depo, at 26:2-3; 21:19-21. |
| 22. Plaintiff understood that her wage statements were for wages earned the previous week and on one occasion even determined by looking at her wage statement that FedEx "didn't pay [her] for the full overtime" for the previous week's work. She | 22. McKenzie Depo. at 24:2-26:24. |

12

| | DEFENDANT'S ADDITIONAL FACTS SUFFICIENT TO DEFEAT SUMMARY JUDGMENT | | DEFENDANT'S EVIDENCE |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 | had worked four hours on Tuesday (usually her day off), but a substitute manager failed to enter her time for Tuesday correctly. | | |
| 7 8 9 10 | 23.    Plaintiff discovered this error by reviewing her wage statement, and she took it to her manager and "showed it to him." | | 23.   McKenzie Depo., at 24:4-10. |
| 11 12 13 14 15 16 17 18 | 24.    Plaintiff's manager reviewed the information, confirmed the error, and Plaintiff received those wages in her paycheck the next Friday, and Plaintiff confirmed receipt of the wages by reviewing the next week's wage statement. | | 24.   McKenzie Depo., at 28:6-23. |
| 19 20 21 22 23 24 25 26 27 | 25.    FedEx pays hourly employees in California weekly, and FedEx's employee handbook and policy manual state that hourly employees are paid "weekly" and "on their Friday shift of each week."  The policy manual specifies that FedEx's pay week is "Sunday through Saturday."  Plaintiff received and signed receipt | | 25.   Dandridge Depo., at Exs. 3-5; McKenzie Depo at Exs. 2-4. |

| | DEFENDANT'S ADDITIONAL FACTS SUFFICIENT TO DEFEAT SUMMARY JUDGMENT | DEFENDANT'S EVIDENCE |
|---|---|---|
| 1 2 | | |
| 3 4 | forms for FedEx employee handbooks on multiple occasions. | |
| 5 6 7 8 9 10 | 26.    Plaintiff's work schedule was set according to the Sunday to Saturday pay week, and her schedule was posted alongside the next week's Sunday to Saturday schedule in the FedEx station where she worked. | 26.   Dandridge Depo., at 26:11-16. |
| 11 12 13 14 15 | 27.    Plaintiff graduated from high school with a 3.3 grade point average, completed three years of college, made the dean's list, and passed a college-level math course. | 27.   McKenzie Depo., at 10:24-14:17. |
| 16 17 18 19 20 21 | 28.    Plaintiff alleged in her deposition testimony that the overtime calculation on the wage statement was "the only part that's confusing for me." | 28.   McKenzie Depo., at 98:4-13. |
| 22 23 24 25 26 27 | 29.    After a brief explanation of the two-line format of the overtime information during her deposition, Plaintiff testified that she then "clearly" understood the overtime rate and overtime hour information. | 29.   McKenzie Depo., at 108:17-110:16; Exhibit 17 thereto. |

28

14

| | DEFENDANT'S ADDITIONAL FACTS SUFFICIENT TO DEFEAT SUMMARY JUDGMENT | DEFENDANT'S EVIDENCE |
|---|---|---|
| 1 2 | | |
| 3 4 5 6 | Plaintiff proceeded to look at another of her wage statements and correctly identify the overtime rate and overtime hour information. | |
| 7 8 9 10 11 12 13 14 15 16 17 18 19 20 | 30.     While employed at FedEx, it was apparent to her manager, Gregory Arnold, that Plaintiff demonstrated a high level of understanding as to the calculation of her wages.  Plaintiff never expressed any confusion to Mr. Arnold regarding the overtime calculation or any other detail on her wage statements.  If she had asked for clarification as to the format of the overtime calculation on FedEx wage statements, Mr. Arnold could have and would have explained it to Plaintiff. | 30.     Declaration of Gregory Arnold ("Arnold Dec."), at ¶¶ 3-5 |
| 21 22 23 24 25 26 27 | 31.     Plaintiff contested her termination through FedEx's internal grievance procedure – the Guaranteed Fair Treatment ("GFT") Process.  Her GFT claim was reviewed by Managing Director Kenny Smith at the first step, Vice President Glen Corbin at the | 31.     McKenzie Dep. at 70:13-74:24; Exs. 10-14. |

15

28

| DEFENDANT'S ADDITIONAL FACTS SUFFICIENT TO DEFEAT SUMMARY JUDGMENT | | DEFENDANT'S EVIDENCE |
|---|---|---|
| second step, and the FedEx Appeals Board at the third step.  Her termination was upheld at every level. | | |
| 32.    Though Plaintiff submitted multiple written statements as part of the GFT process, none of them mentioned anything about wage statements or paychecks. | | 32.   McKenzie Dep. at 75:19-21; Exs. 10 and 13. |

DATED:  March 14, 2011          FEDERAL EXPRESS CORPORATION


By:  /s/ Barak J. Babcock

Christopher J. Yost
Barak J. Babcock – *Admitted PHV*
Ben J. Scott – *Admitted PHV*
Attorneys for Defendant
Federal Express Corporation

859563

16