Jeffrey C. Jackson, State Bar No. 140990
Kirk D. Hanson, State Bar No. 167920
JACKSON HANSON, LLP
2790 Truxtun Rd., Ste 140
San Diego, California  92106
(619) 523-9001 Tel.
(619) 523-9002 Fax
Email: atty@JacksonHanson.com
Attorneys for Plaintiff
LaMecia McKenzie

IN THE UNITED STATES DISTRICT COURT,

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaMECIA McKENZIE, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>FEDERAL EXPRESS CORPORATION and does 1 through 50, inclusive,<br><br>    Defendants. | Case No.:  CV10-02420 GAF(PLA)<br><br>PLAINTIFF'S REPSONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Date:       April 4, 2011<br>Time:      9:90 a.m.<br>Location: 255 E. Temple St., Los Angeles,<br>               CA, 90012<br>Courtroom: 740<br>District Judge:  Hon. Gary A. Feess |

   Plaintiff LaMECIA McKENZIE ('Plaintiff") respectfully submits this Response to Defendant's Separate Statement of Undisputed Facts In Support of Defendant's Motion for Summary Judgment.

///

///

---

PLAINTIFF'S REPSONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

1

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAITNIFF'S RESPONSE |
|---|---|
| 1. Plaintiff was employed by FedEx as an hourly employee in California from April of 1993 through July of 2009. | 1. **Undisputed** . |
| **2.** At the time she worked at FedEx, Plaintiff had an understanding of when she was entitled to overtime pay, explaining " I know what overtime means…if I'm a full-time employee, 40 hours a week or eight hours in a day. If I'm a part time employee 30 hours depending on what the rules are with the company, but per day, if you work between – over four to six hours." | 2. **Disputed**; Objection: F.R.E. §402- Irrelevant . |
| 3. Plaintiff understood that overtime work was paid at a rate of "time and a half." | 3. **Disputed**; Objection: F.R.E. §402- Irrelevant . |
| 4. FedEx's employee handbook and policy manual state that hourly employees are paid "weekly" and "on their Friday shift of each week." The policy manual specifies that the Corporate pay week is "Sunday through Saturday." | 4. **Disputed**; Objection: F.R.E §402- Irrelevant . |

| | | |
|---|---|---|
| 5. | Plaintiff's work schedule was set according to this Sunday through Saturday Corporate pay week, and her schedule was posted, alongside the next week's Sunday through Saturday schedule, in the FedEx station where she worked. | 5. **Disputed**; Objection: F.R.E. §402- **Irrelevant** . |
| 6. | Plaintiff received FedEx employee handbooks and signed receipt forms for them. Plaintiff also had access to the policy manual throughout her employment at FedEx, either in the courier check-in area or in the manager's offices. | 6. **Disputed**: Objection: F.R.E. §402- Irrelevant . |
| 7. | Plaintiff's wage statement for the week ending August 2, 2008 is a representative example of the weekly wage statements Plaintiff received from FedEx during her employment. The wage statements show the "period ending date" in upper the right hand corner and show the overtime calculation in two lines labeled "Overtime" and "OvrTimePrm." | 7. **Undisputed** . |
| 8. | During her entire employment with FedEx, Plaintiff was paid "every Friday" and reviewed her wage statements every week when she | 8. **Undisputed** . |

| | |
|---|---|
| received them. | |
| 9.     Plaintiff understood that her wage statements were for "the previous week" and on one occasion, to the best of her memory about a year before her termination, she determined by looking at her wage statement that FedEx "didn't pay [her] for the full overtime" for the previous week's work because she had worked four hours on Tuesday (usually an off day for her), but a substitute manager failed to enter her time for Tuesday correctly. Plaintiff discovered this error by reviewing her wage statement, and she took it to her manager and "showed it to him." He confirmed the error, and Plaintiff received those wages in her paycheck the next Friday. The next Friday, Plaintiff received and reviewed her wage statement, as always, she confirmed that she received the missing overtime payment inadvertently left off the previous week's check. | 9. **Disputed**.<br>**Defendant's Evidence:** Plaintiff's Depo. at 24:2-26:24;28:6-23.<br>**Plaintiff's Disputing Evidence:** Plaintiff's Depo. at 24:18-23; 29:6-16;33:22-37:20;96:19-98:20; attached as Exhibit "1" to Declaration of Kirk D. Hanson In Support of Opposition to Defendant's Motion for Summary Judgment ("Hanson Opposition Declaration"). |
| 10.    On July 30, 2009, Plaintiff was terminated for excessive performance deficiencies, the last of which was her | 10. **Disputed**; Objection: F.R.E. §402-Irrelevant. |

| | | |
|---|---|---|
| | failure to report an accident in a FedEx vehicle. | |
| | 11.    Plaintiff contested her termination through FedEx's internal grievance procedure- the Guaranteed Fair Treatment ("GTF") Process. Her GFT claim was reviewed by Managing Director Keny Smith at the first step, Vice President Glen Corbin at the second step, and the FedEx Appeals Board at the third step. Her termination was upheld at a every level. | 11. **Disputed**; Objection: F.R.E. §402- Irrelevant. |
| | 12.    Though Plaintiff submitted multiple written statements as part of the GFT process, none of them mentioned anything about wage statements or paychecks. | 12. **Disputed**: Objection: F.R.E. §402- Irrelevant. |
| | 13.    As of December 16, 2009, FedEx wage statements for hourly employees in California show the beginning and ending date of the weekly pay period. Making this change required the modification of computer programs and testing of the changes. | 13. **Undisputed**. |
| | 14.    Plaintiff filed her Complaint on February 19, 2010 alleging that FedEx wage statements failed to list the pay period beginning date. The Complaint | 14. **Undisputed**. |

PLAINTIFF'S REPSONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5

| | |
|---|---|
| made no mention of alleged violations of 226(a)(2) regarding total hours worked or 226(a)(9) regarding applicable wage rates. | |
| 15.   On November 2, 2010, Plaintiff filed the First Amended Complaint making two new allegations in FedEx's wage statements: (1) that the wage statements did not show "total hours worked" under 226(a)(2); and (2) that the wage statements did not show "all applicable hourly rates" under 226(a)(9). | 15. **Undisputed**. |
| 16.   As of March 11, 2011, FedEx's weekly wage statements will include two additional lines showing the total hours worked and total overtime hours worked for the pay period. | 16. **Undisputed** |

| | |
|---|---|
| 17. Plaintiff, by looking at her wage statement for the period ending March 21, 2009, knew her regular rate of pay of $21.20 and saw that rate on the wage statement. She also testified that she knew by looking at the wage statement that her overtime rate "should be $31.80." | 17. **Disputed**.<br>**Defendant's Evidence**: Plaintiff's Depo. at 103:1-104:3; Ex. 16.<br>**Plaintiff's Disputing Evidence:** Plaintiff's Depo. at 33:22-37-20; 96:19-98:20;102:16-110:16;113:20-114:19;111:19-113:19; attached as Exhibit "1" to Hanson Opposition Declaration. |
| 18. After fifty transcript lines of discussion between Plaintiff and FedEx counsel, Plaintiff testified that she then understood the overtime calculation reflected on the wage statement. | 18. **Undisputed**. |
| 19. Officials at the California Department of Labor Standards Enforcement would not assess penalties for a wage statement failing to identify the beginning date of a weekly pay period, as that would be categorized at most as a minor, technical violation. | 19. **Disputed**; Objections: F.R.E. §§402- Irrelevant; Hearsay. |

**PLAINTIFF'S ADDITIONAL UNDISPUTED MATERIAL FACTS IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

| Plaintiff's Additional Undisputed Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| 20. In the year prior to Plaintiff's termination, she had meetings with two supervisors and asked them to explain Defendant's wage statement so she could understand how much she was getting paid, how much of her pay was overtime, and how she could calculate her hours worked? Neither supervisor could explain the wage statement or answer Plaintiff's questions. | 20. Deposition of Plaintiff (Ex."1" to Hanson Opposition Declaration) at 33:22-37:20. |
| 21. Plaintiff was confused by the overtime hours listed on her wage statement and her supervisor could not explain to her how to interpret this portion of the wage statement. | 21. Deposition of Plaintiff (Ex. "1" to Hanson Opposition Declaration) at 96:19-98:20. |
| 22. The lack of a pay period beginning date on the wage statements issued by Defendant made it difficult for Plaintiff to determine whether she was properly paid for all hours worked. | 22. Deposition of Plaintiff (Ex. "1" to Hanson Opposition Declaration) at 111:19-113:19. |
| 23. During the time Plaintiff was | 23. Deposition of Plaintiff (Ex. "1" |

PLAINTIFF'S REPSONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
8

| | | |
|---|---|---|
| | employed by Defendant, she never received any verbal instruction or anything in writing explaining how to read and interpret the wage statements issued by Defendant. | to Hanson Opposition Declaration) at 113:20-114:19. |
| | 24. The first time Plaintiff understood how to read and interpret the wage statements she received from Defendant was in her deposition after the format and rules were explained to her by Defendant's attorney. | 24. Deposition of Plaintiff (Ex. "1" to Hanson Opposition Declaration) at 102:16-110:16. |
| | 25. On November 3rd and 4th of 2009, Plaintiff satisfied the prefiling procedural requirements of the California Labor Code Private Attorney General Act ("PAGA") by giving written notice by certified mail to Defendant and the California Labor and Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code alleged to have been violated by Defendant, to wit, that Defendant failed to list the pay period beginning date on the wage statements it provided to its hourly employees in California | 25. Declaration of Kirk D. Hanson in Support of Plaintiff's Motion for Summary Judgment (Hanson Decl. Supporting Plaintiff's Motion") |

| | |
|---|---|
| 26. In response to Plaintiff's November 3rd and 4th 2009, PAGA letters to Defendant and the LWDA, as of December 16, 2009, Defendant included the pay period beginning date on the wage statements it provides to its hourly employees in California. | 26. Hanson Decl. Supporting Plaintiff's Motion at ¶ 3 and Ex. "2" thereto. |
| 27. On December 21, 2009, the LWDA notified Plaintiff that it did not intend to investigate Plaintiff' PAGA claims | 27. Hanson Decl. Supporting Plaintiff's Motion at ¶ 4 and Exhibit "3" thereto. |
| 28. At all times within the relevant statutory period, Defendant employed over 10,000 hourly employees in the State of California. | 28. Declaration of Betty J. Saylors In Support of Defendant's Notice of Removal at ¶ 5; Defendant's Notice of Removal of Action Under 28 U.S.C. §§ 1332(a), 1332(d) and 1441 (a) at p. 7, ¶20; Defendant's First Supplemental Answers To Plaintiff's Special Interrogatories Nos. 3 and 4 (Ex. "4" to Hanson Decl. in Support of Plaintiff's Motion.) |
| 29. Defendant's hourly employees in California are paid on a weekly basis. | 29. Declaration of LaMecia McKenzie at ¶ 2; Defendant's Notice of removal of Action Under 28 U.S.C. §§ 1332(a), |

| | | |
|---|---|---|
| | | 1332(d) and 1441 (a) at p. 7, ¶ 20. |
| 30. Before December of 2009, an hourly employee of Defendant in California would have to look at their work schedule and/or a calendar, and do some math, in order to determine the exact pay period beginning date for a particular pay period. | | 30. Deposition of Dionne Dandrige (Ex. "5" to Hanson Decl. Supporting Plaintiff's Motion) at 30:10 - 32:17; 37:18 - 42:19. |
| 31. When overtime is worked by an hourly employee of Defendant in California, the overtime hourly rate on the wage statement is not listed as a single hourly rate, but instead is broken down by Defendant into two separate components: (1) the employee's regular hourly rate which is labeled as "Overtime;" and (2) ½ of the employee's regular hourly rate which is labeled as "OvrTimePrm." | | 31. Deposition of Mark A. Scott (Ex "6" to Hanson Decl. Supporting Plaintiff's Motion) at 25:14 - 30:1. |
| 32. In order for an hourly employee of Defendant in California to determine his or her applicable overtime rate, the employee must add the hourly rate listed on his or her wage statement as | | 32. Deposition of Mark A. Scott (Ex. "6" to Hanson Decl. Supporting Plaitniff's Motion) at 25:14- 30:1; 39:23 - 40:9. |

PLAINTIFF'S REPSONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

11

| | | |
|---|---|---|
| "Overtime" to the hourly rate listed on the wage statement as "OvrTimePrm." | | |
| 33. When an hourly employee of Defendant in California works overtime, the number of overtime hours listed on the employee's wage statement are listed at twice the number of overtime hours actually worked by the employee during the pay period | | 33. Deposition of Mark A. Scott (Ex. "6" to Hanson Decl. Supporting Plaintiff's Motion) at 30:1 - 34:25; 37:13 - 38:1; 38:15 - 39:22; Declaration of LaMecia McKenzie at ¶ 5, and Ex. "1" thereto. |
| 34. If an hourly employee of Defendant in California adds up all the hours listed on his or her wage statement (e.g. the hours listed in the line items labeled "Reg Earn." | | 34. Deposition of Mark A. Scott (Ex. "6" to Hanson Decl. Supporting Plaintiff's Motion at 37:13- 39:22. |
| 35. Defendant controls the format of the wage statements it provides to its hourly employees in California and can manipulate its payroll software to achieve any desired format with respect to the wage statements | | 35. Deposition of Mark A. Scott (Ex. "6" to Hanson Decl. Supporting Plaintiff's Motion ) at 8:14 – 22; 22:8-23:6. |
| 36. The format of the wage statements Defendant provides to its hourly employees in California is not a mistake; the wage statements are in the format intended by Defendant. | | 36. Deposition of Mark A. Scott (Ex. "6" to Hanson Decl. Supporting Plaintiff's Motion) at 30:2-14. |
| 37. The format of a wage statement that meets the requirements of California Labor Code §226(a) can be easily | | 37. Hanson Decl. Supporting Plaintiff's Motion at ¶ 8 and Ex. "7" thereto; Morgan v. United |

PLAINTIFF'S REPSONSE TO DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

12

| | | |
|---|---|---|
| obtained by reviewing the following link on the California Division of Labor Standards Enforcement's website: "http://www.dir.ca.gov/dlse/FAQ_Paydays.htm" | | Retail Inc., 186 Cal. App. 4th 1136, 1147 (2010). |
| 38. Plaintiff's wage statements dated 3/06/2009, 3/20/2009, and 5/29/2009, are representative samples of the type of wage statement Defendant provided to its hourly employees in California in 2009 before the pay period beginning date was added to the wage statements. | | 38. Deposition of Mark A. Scott (Ex. "6" to Hanson Decl. Supporting Plaintiff's Motion) at 23: 7-20; 30: 15-20; 38: 15-39: 4 and Exs. "12," "13," and "14" thereto; Declaration of LaMecia McKenzie at ¶ 3, and Ex. "1" thereto. |

Date: March 14, 2011

Jackson Hanson LLP

BY: /s/ Kirk D. Hanson
Kirk D. Hanson,
Attorney for Plaintiff
LaMecia McKenzie